**In re Gerald M. KEAYS and Judith A. Keays, Debtors.**

**Bankruptcy No. 82–00240 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 24, 1984.

See also, Bkrtcy., 36 B.R. 1016.

David F. Dunn, Allentown, Pa., for debtors.

Leon P. Haller, Purcell, Nissley, Krug & Haller, Harrisburg, Pa., for Germantown Sav. Bank.

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law as required by Bankruptcy Rule 7052.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The issue at bench is whether or not we shall confirm the debtors' Chapter 13 Plan. For the reasons hereinafter given, we shall deny confirmation of the Plan.[1]

The debtors' Chapter 13 Plan proposes, *inter alia,* that the residential mortgage arrearages owed to Germantown Savings Bank (hereinafter "GSB"), the first and only mortgagee, shall be cured during the entire remaining term of the mortgage, a period of time slightly in excess of twenty years. The proposed length of the Plan itself is three years. The mortgage arrearages are substantial, and GSB has objected to the confirmation of the Plan on the ground, *inter alia,* that the proposed period of time for curing the mortgage arrearages unlawfully exceeds the length of the Plan. The debtors concede that they cannot afford to cure the arrearages within three years, nor even within five years, the maximum repayment period allowed under a Chapter 13 Plan.[2] See 11 U.S.C. § 1322(c).

■ The Bankruptcy Code clearly does not permit a Chapter 13 debtor to cure mortgage arrearages (or any other default) over a period of time that exceeds the length of the Chapter 13 Plan.

■ Section 1322(b)(5) of the Bankruptcy Code, 11 U.S.C. § 1322(b)(5), on which the debtors rely, states, in relevant part:

"(b) *Subject to subsections (a) and (c) of this section,* the plan may-

(5) ... provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due." (Emphasis added).

Section 1322(c) of the Bankruptcy Code, 11 U.S.C. § 1322(c), states:

---

2. The pre-petition mortgage arrearages in question, stemming from nine consecutive months of non-payment, amount to $4,001.25, exclusive of any other possible fees and costs pertaining to this delinquency.

"(c) The plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court may not approve a period that is longer than five years."

Therefore, the allowance in § 1322(b)(5) of "the curing of any default within a reasonable time" is clearly subject to the maximum plan repayment periods of three or five years set forth in § 1322(c), and the "reasonable time" for curing a default may not exceed five years under any circumstances. For this reason, the debtors' Chapter 13 Plan, in proposing to cure the mortgage arrearages over a period of time in excess of twenty years, directly violates § 1322(c). See *In re King,* 23 B.R. 779 (Bkrtcy.App. Panel, 9th Cir.1982); *Matter of Dockery,* 34 B.R. 95 (Bkrtcy.E.D.Mich. 1983); *In re Acevedo,* 9 B.R. 852 (Bkrtcy.E. D.N.Y.1981).

In conclusion, in that the debtors' proposed Chapter 13 Plan violates § 1322(c), confirmation of the Plan must be denied pursuant to 11 U.S.C. § 1325(a)(1).