In re George H. SNYDER and Veronica E. Snyder, Debtors.

The FEDERAL LAND BANK OF BALTIMORE, Plaintiff,

v.

George E. SNYDER and Veronica E. Snyder, Defendants,

and

Frederick L. Reigle, Esquire, Trustee.

Bankruptcy No. 82–04367 T.
Adv. No. 82–2970.

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 10, 1984.

Carl D. Cronrath, Jr., Reading, Pa., for debtors.

Samuel G. Weiss, Jr., Lebanon, Pa., for plaintiff.

## MEMORANDUM AND ORDER

THOMAS M. TWARDOWSKI, Bankruptcy Judge.[1]

In this Chapter 13 case, the plaintiffs have filed, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. 362(d), a complaint to modify the automatic stay as to real property of the debtors on which the plaintiff holds a long-term mortgage and as to the debtors' stock in the Federal Land Bank Association which the plaintiff holds as collateral in addition to its mortgage.[2] As of the date of the hearing, the debtors owed at least $247,457.09 in principal and interest to the plaintiff under the mortgage. We find that the subject real property has a fair market value of $238,000.00, as convincingly testified to by the plaintiff's appraiser. The debtors concede that they have no equity in this property and that the mortgage is in default.

The plaintiff argues, *inter alia*, that it is entitled to relief from the stay because the debtors have failed to provide adequate protection, pursuant to § 362(d)(1), of the plaintiff's secured interest in the property, which is $238,000.00, not including the stock. See 11 U.S.C. § 506(a). The debtors have attempted to provide adequate protection in the form of their proposed Chapter 13 Plan, as modified. Under this Plan, the plaintiff would receive $7,125.00 quarterly toward the payment of its mortgage. The debtors cannot afford to pay any larger amount and have been materially delinquent in paying even this amount.

Based upon our valuation of the plaintiff's allowed secured claim, *supra*, the payments proposed in the Plan are clearly insufficient to cure the substantial mortgage default within a reasonable time. See 11 U.S.C. § 1322(b)(5), 11 U.S.C. § 1322(c), and 11 U.S.C. § 1325(a)(1). Also see *In re Keays*, 36 B.R. 1018 (Bankr.E.D.Pa.1984). Therefore, the Plan is fatally defective and is unable to adequately protect the plaintiff's secured interest in the property. The debtors have not proposed any other method of adequate protection.

For the foregoing reasons, the plaintiff shall be granted relief from the automatic stay pursuant to § 362(d)(1) of the Bankruptcy Code.

---

**1.** This Memorandum constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** The debtors do not oppose the complaint as to the stock.