**In re EAGSON CORPORATION, Bankrupt.**

**Bankruptcy No. 76–1971G.**

United States Bankruptcy Court, E.D. Pennsylvania.

March 5, 1986.

See also 56 B.R. 127.

Horace A. Stern, Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for the trustee, Myron Harris.

OPINION

EMIL F. GOLDHABER, Chief Judge:

The matter for decision is whether we should sustain the trustee's objections to three proofs of claim filed by the debtor's president and his relatives. For the reasons stated below, we will sustain the objections.

We summarize the relevant facts of this case as follows:[1] The debtor filed a petition for reorganization under Chapter XI of the Bankruptcy Act of 1898. Numerous proofs of claim were filed, counted among which were those lodged by Aurea Gallagher for $190,000.00 (claim # 20), by Mary Jane Gallagher for $220,000.00 (claim # 31) and by Arthur A. Gallagher for $21,000.00 (claim # 32). Arthur A. Gallagher was the president of the debtor and the other two claimants discussed here are closely related by blood or marriage to him.

Although Aurea Gallagher asserts that her claim is based on a loan she made to the debtor, no documentation supports her stance. Mary Jane Gallagher contends

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

that her $220,000.00 claim is based on a $40,000.00 loan made to the debtor with the balance consisting of the value of furniture and rugs she loaned to the debtor. It is unclear whether the $40,000.00 was lent to the debtor or another related corporation, and there is no credible proof that Mary Jane Gallagher lent the debtor $180,000.00 worth of furniture and carpeting. Although the testimony is far from clear, Arthur A. Gallagher's claim for $21,000.00 is based on funds lent to the debtor by Gallagher's brother but Arthur has no apparent authority to file a proof of claim on behalf of the brother.

The evidentiary effect afforded a proof of claim is specified in Bankruptcy Rule 301(b)[2] which states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Under this rule a claim has a presumption of validity until a party objecting to the claim has introduced evidence sufficient to rebut the claimant's prima facie case. *In Re Mobile Steel Co.*, 563 F.2d 692, 701 (5th Cir.1977). This rule likewise applies to the claims of insiders. The principle enunciated in *Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939), requiring a claimant who is a fiduciary or insider to a corporation, to prove the good faith and inherent fairness of his transactions with the corporation, does not apply until the objecting party overcomes the prima facie effect of the claim. Absent such a requirement, an intolerable burden would be placed on corporate fiduciaries requiring them to prove the good faith and fairness of each of their dealings with the corporation. *In Re Mobile Steel Co.*, 563 F.2d at 701.

As stated by the United States Supreme Court in *Pepper:*

A director is a fiduciary. *Twin-Lick Oil Co. v. Marbury* [1 Otto 587, 588], 91 U.S. 587, 588 [23 L.Ed. 328]. So is a dominant or controlling stockholder or group of stockholders. *Southern Pacific Co. v. Bogert*, 250 U.S. 483, 492 [39 S.Ct. 533, 537, 63 L.Ed. 1099]. Their powers are powers in trust. *See Jackson v. Ludeling*, 21 Wall [616, 88 U.S. 616, 22 L.Ed. 492]. Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. *Geddes v. Anaconda Copper Mining Co.*, 254 U.S. 590, 599 [41 S.Ct. 209, 212, 65 L.Ed. 425]. The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside.

*Pepper*, 308 U.S. at 306–07, 60 S.Ct. at 245. The transactions between an insider and his corporation are likewise subject to rigorous scrutiny. *Ferrell v. Collamore* (In Re Alpha-Omega Communications, Inc.), 52 B.R. 846 (Bankr.E.D.Pa.1985).

As to each of the three claims at issue, the trustee has introduced sufficient proof to overcome the prima facie evidentiary value of the claims. Since each of the claimants is an insider, each bears a heavy burden in proving the validity of his claim. The evidence supporting each of the claims was substantially deficient. We will accordingly enter an order sustaining the trustee's objections to the three claims at issue.

---

2. For cases instituted under the Bankruptcy Act of 1978, Bankruptcy Rule 3001(f) restates the matter found in Bankruptcy Rule 301(b).