**In re Edna Mae HARMON, Debtor.**

**Bankruptcy No. 85–02144 T.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 16, 1987.

Michael Mayro, Reading, Pa., for debtor.

Barry A. Solodky, Blakinger, Byler, Grove, Thomas & Chillas, P.C., Lancaster, Pa., for Horizon Financial, F.A.

Frederick L. Reigle, Reading, Pa., trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The debtor and her primary residential mortgagee have presented matters to this court for resolution: first, is the debtor's objection to the allowance of a proof of claim filed by Horizon Financial, F.A. ("Horizon") which seeks interest, costs and attorney's fees incurred as a result of the debtor's default on her mortgage; second, is Horizon's objection to the debtor's chap-

ter 13 plan. Horizon contends that the debtor's plan should not be confirmed because it: (1) does not provide for equal treatment of secured creditors; (2) does not provide for the curing of the default within a reasonable time; and (3) was not proposed in good faith.

This court will sustain in part and deny in part the debtor's objection to Horizon's proof of claim. The proof of claim is allowed to the extent that it represents late fees and costs; the balance of the claim is disallowed. This court confirms the debtor's chapter 13 plan provided that it is amended to include the payment of late fees and costs to Horizon.

The debtor, a single parent with three children, purchased her home in November of 1977. The home is subject to a first mortgage in favor of Horizon[1] and a second mortgage in favor of Public Finance Consumer Discount Company ("Public"). The debtor defaulted on her obligation to Horizon and Horizon filed a foreclosure action on January 2, 1985, in the Court of Common Pleas of Lancaster County. On February 18, 1985, the Court of Common Pleas entered a final judgment of foreclosure in favor of Horizon and ordered the property to be sold at foreclosure sale. The sale was to be held on May 31, 1985. On May 28, 1985, the debtor filed a voluntary petition for relief under Chapter 13. This filing stayed the sheriff's sale scheduled for May 31, 1985. The schedules, submitted by the debtor, indicate two secured creditors, a first mortgage in favor of Horizon and a second, in favor of Public, as well as eight unsecured creditors. Horizon contends that the debtor owes arrearages, attorney's fees and costs, in excess of $7,000.00. The mortgage to Public is not in arrears.

The debtor's chapter 13 plan proposes full payment to the two secured creditors, Horizon and Public, over a five year period. More specifically, the plan provides for payments of $257.00 per month for 52 months, followed by 8 monthly payments of $117.00. $126.00 of each monthly payment for the first 52 months is to be paid to the second mortgagee,[2] thus keeping that obligation current. The balance of the monthly payment, $105.03,[3] being made to the trustee is to be paid to the first mortgagee on account of the arrearages. No payments are proposed for the unsecured creditors.

The debtor contends that she "fell behind" in her mortgage payments to Horizon due to circumstances beyond her control—medical bills for the infant twins, support payments not being made by the children's father and automobile repair bills. The debtor has made an effort to rehabilitate her financial condition. First, she has provided for all payments to be made under her chapter 13 plan, to be made by way of wage attachment through one of her employers, AMP, Inc.[4] Second, the debtor has obtained a second job, performing cleaning services for Excel Maintenance, in order to meet her obligations under the plan. All discretionary funds available to the debtor, after providing for the basic and necessary living expenses of the family have been committed to the plan. Third, the trustee confirms that the debtor has been current on all obligations under the plan for the past 21 months.

In addressing the issue of the debtor's objection to Horizon's proof of claim, this court looks to 11 U.S.C. § 506(b). That section states that in a proof of claim, a secured creditor may legitimately request, not only the principal indebtedness, but also "interest on such claim, and any reasonable fees, costs, or charges provided for

---

1. The debtor executed a note in favor of Century Financial, Inc., Century Federal Company securing a principal loan amount of $31,600.00. Century Financial, Inc. assigned the mortgage to Century Federal Savings and Loan. Horizon Financial, F.A. is a successor to Century Federal Savings and Loan Association.

2. Public Finance Consumer Discount Company.

3. This balance is after the deduction of the trustee's compensation and costs.

4. The Order for payments was entered July 25, 1985. The debtor has also enabled the trustee, by stipulation filed June 18, 1985 and Order of July 25, 1985, to distribute plan payments in advance of confirmation to Horizon.

under the agreement under which such claim arose" to the extent that the claim is secured by property, the value of which is greater than the principal indebtedness and certain other charges not relevant here. 11 U.S.C. § 506(b).

Section 506 interconnects with 11 U.S.C. § 502(a) of the Code which states that a proof of claim is deemed allowed unless a party in interest objects. After the filing of an objection, Bankruptcy Rule 3001(f) provides that a duly executed and filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Under this rule, a claim has a presumption of validity until a party objecting to the claim has introduced evidence sufficient to rebut the claimant's prima facie case. *In re Baker*, No. 83–04237G, slip op. at 3 (Bankr.E.D.Pa. Aug. 1, 1983); *In re Breezewood Acres, Inc.*, 28 B.R. 32, 34 (Bankr.M.D.Pa. 1982). This rule has no effect when the creditor submitting the proof of claim has failed to meet or establish any necessary conditions precedent to the granting of the claim in the face of an objection.

■ In the case at bench, the debtor has objected to Horizon's proof of claim on several bases, the first of which is the allowance of attorney's fees which approach $3,000.00. The debtor does not challenge Horizon's entitlement to reasonable compensation for work performed in connection with facilitating the progress of this case. The debtor does, however, assert that Horizon's request is unreasonable. We find that Horizon's attorney had a duty to keep and submit records of legal work done in connection with this case, including the amount of time spent and the manner in which it was spent. *In re Meade Land and Development Co.*, 527 F.2d 280 (3d Cir.1975). Horizon has improperly "lumped" various services under one price unit, making it impossible to actually determine whether the charge for a particular service was reasonable. Further, Horizon fails to indicate the amount of time expended on any one particular service, thereby making the court's duty to ensure reasonableness impossible. *In re Paolino*, 71 B.R. 576, 581 (Bankr.E.D.Pa. 1987); *In re Bible Deliverance Evangelistic Church*, 39 B.R. 768 (Bankr.E.D.Pa. 1984); *In re Horn & Hardart Baking Co.*, 30 B.R. 938 (Bankr.E.D.Pa.1983). Horizon must comply with the requirements of *Meade Land*, 527 F.2d at 284. *Meade Land* stands for the proposition, inter alia, that it is the attorney's obligation to keep and submit accurate records of the amount of time spent and the manner in which it was spent. Further, *Meade Land* endorses the proposition that it is the court's independent obligation to give credit only where there are such supporting documents. Horizon's attorney has failed to submit the detailed record of services contemplated in *Meade Land*. We will not award any attorney's fees due to the absence of adequate time records.

■ Horizon's proof of claim also requests the payment of interest on the arrearages. The mortgage document, which was introduced into evidence, contains no provision for interest on arrearage. We agree with Judge Bruce Fox of this district who has recently held that "there is no right to interest on the arrears absent a provision in the mortgage agreement permitting such a charge." *In re Hamilton*, No. 86–02931F, slip op. at 3 (Bankr.E.D.Pa. April 9, 1987); *accord, e.g., In re Fries*, 68 B.R. 676, 681 (Bankr.E.D.Pa.1986); *In re Capps*, 71 B.R. 592 (E.D.Pa.1987); *In re Small*, 65 B.R. 686 (Bankr.E.D.Pa.1986), *appeal docketed*, (E.D.Pa. October 15, 1986). Since no such provision exists in the instant matter, we shall sustain the debtor's objection on this point.

■ The debtor also objects to Horizon's inclusion of late charges through May 31, 1985. The mortgage instrument states that the monthly payments are due on the first day of each month, with a late charge of 5% assessed after 15 days. Here, the chapter 13 filing occurred on May 28, 1985, hence, a late charge of $238.49 is, in fact, due for May, 1985. The debtor's objection to this claim will be overruled.

■ Horizon claims additional monies for court costs and sheriff costs relating to the foreclosure action. These costs will be

allowed to the extent that they are documented and not lumped together under a general heading such as attorney's fees and costs. *Northcross v. Bd. of Education*, 611 F.2d 624, 639 (6th Cir.1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980); *accord, e.g., In re Fine Paper Antitrust Litigation*, 98 F.R.D. 48, 235–37 (E.D.Pa.1983), aff'd in part, rev'd in part on other grounds, 751 F.2d 562 (3d Cir.1984); *Zeffiro v. First Penn Bank, N.A.*, 574 F.Supp. 443 (E.D.Pa. 1983), aff'd, 746 F.2d 1469 (3d Cir.1984). We will, therefore, allow the costs which Horizon has set apart and documented, namely, the sum of $437.29 which was paid to the prothonotary and sheriff representing costs of the foreclosure action and $20.00 paid to a court reporter.

The second issue before this court is Horizon's objection to the debtor's chapter 13 plan. Horizon opposes confirmation of the plan for the following reasons: (1) the plan does not provide for the same treatment of each claim within a class; (2) the plan does not provide for curing of the default within a reasonable period of time; and (3) the plan was not proposed in good faith.

■ Section 1322(a)(3) provides that a debtor's plan must provide the same treatment for each claim within a particular class. Here, the debtor's plan provides for one class of creditors, that being, the class with liens on real estate. The debtor's plan also provides for payment in full of debts owed to these mortgagees. Since all claims in this class are being treated alike, we find no merit in Horizon's objection.

■ Next, Horizon alleges that the debtor has asked for an unreasonable amount of time in which to cure the pre-petition mortgage delinquency. The debtor's plan contemplates payments over 60 months. Section 1322(c) of the Bankruptcy Code states:

(c) The Plan may not provide for payments over a period that is longer than three years, unless the Court, for cause, approves a longer period, but the Court may not approve a period that is longer than five years.

11 U.S.C. § 1322(c). This court in *In re Keays*, 36 B.R. 1018 (Bankr.E.D.Pa.1984) clearly stated that "... the curing of any default within a reasonable time" is subject to the maximum plan repayment periods of three or five years as set forth in the Code, and the "reasonable time" for curing a default may not *exceed* five years under any circumstances." In the instant case, the debtor contemplates curing the default within the five year maximum. She is making her best effort to cure the default. She has made 21 payments to the trustee, and has taken on a second job to ensure that plan payments will be made. We hold, that in this case, five years is a reasonable time period in which to cure.

■ Lastly, Horizon contends that the debtor's plan was not proposed in good faith because her plan: (1) does not provide for unsecured creditors; and (2) is financially impossible for debtor to fund. We disagree on both counts. The mere fact that unsecured creditors are not provided for under the plan is not fatal. Many courts have found that chapter 13 plans have been filed in good faith which proposed no repayment to unsecured creditors. See *In re Bellgraph*, 4 B.R. 421 (1980); *Finance One of New Jersey v. Raikes*, 27 B.R. 969 (D.N.J.1983). We do not find the debtor was lacking good faith in this regard. The debtor here has demonstrated that she is willing and able to pay the secured creditors in full. She has taken on the responsibility of a second job to make the plan work while providing for the well-being of her three children. We find: (1) that the debtor has, in fact, proposed her chapter 13 plan in good faith, even though unsecured creditors will receive nothing; (2) this debtor will, indeed, be able to fund her plan with a simple amendment to increase the monthly contribution by $17.84.

This court confirms the debtor's chapter 13 plan provided that it is amended to include the payment of $239.49 in late fees and $457.29 in costs for a total of $695.78 to Horizon Financial, F.A.

Appropriate orders will follow.