**In re Edith M. GRACEY a/k/a Mrs. J. Raymond Gracey, Debtor.**

**Bankruptcy No. 84–00778 T.**

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 10, 1987.

or/third parties at the expense of the debtor's estate.

See also, Bkrtcy., 79 B.R. 219.

---

Edith M. Gracey, Shillington, Pa., debtor.

Frederick L. Reigle, Reading, Pa., trustee.

Kurt Althouse, Bingaman, Hess, Coblentz & Bell, Reading, Pa., for American Bank.

## MEMORANDUM AND OPINION

THOMAS M. TWARDOWSKI,
Bankruptcy Judge.

After carefully considering the status of the appeals in this case, we now decide pro se debtor, Edith M. Gracey's ("debtor") objection to the proof of claim filed by American Bank ("American").

Viewed together, the Bankruptcy,[1] District,[1] Circuit,[2] and Supreme Court[3] decisions in this case create convoluted chains trailing and circling around several key issues. The first is whether this case is properly pending as a chapter 7 case.[4] The second is whether this case should have been withdrawn from the Bankruptcy Court.[5] The third issue, debtor's appeal of

1. *See* Miscellaneous Docket no. 86–0292 and Civil Docket no. 87–1724.

2. *See* Docket nos. 87–1190 (closed), 87–1181 (closed) and 86–1734 (closed).

3. *See* — U.S. —, 108 S.Ct. 262, 98 L.Ed.2d 219.

4. *See* the May 22, 1986 order of this Court converting the case and the subsequent appeals.

5. *See* the November 28, 1986 District Court order denying debtor's motion to withdraw. Subsequent appeals of this order were taken up to the Supreme Court of the United States in early 1987. Apparently exhausting her appeals in the

Supreme Court, on March 10, 1987 debtor returned, as it were, to the November 28, 1986 order. She filed a Petition to Recall that order and the chain of appeals began again, heading to the District Court's denial of the Petition to Recall, the Third Circuit's dismissal of her appeal based on want of an appealable order, and a subsequent denial of her petition for rehearing.

On September 8, 1987, debtor filed a petition for writ of certiorari in the United States Supreme Court. The petition referred to a District Court decision that was part of the chain of appeals on the motion to withdraw. *See* Order dated March 27, 1987, United States District Court for the Eastern District of Pennsylvania,

our March 14, 1986 order denying confirmation of her plan, has long since been denied on an appeal that has gone no further.

As the appeals outlined in these footnotes [6] indicate, debtor's most recent petition for writ of certiorari, focusing on the District Court's refusal to withdraw the reference, was denied by the Supreme Court. Our order converting this case is subject to no active appeals; the last activity occurred on June 4, 1987 when the Third Circuit Court of Appeals denied debtor's motion for stay of mandate. *See* last entry, Docket no. 87–1181. Further, our refusal to confirm debtor's plan is not now being appealed.

We outline these matters of record to highlight the fact that this debtor is in a chapter 7 case. If there were any appeal now extant under which a higher court could order reconversion to a chapter 13, American's position, and thus American's argument, would change.

Debtor filed a chapter 7 petition on March 8, 1984. On June 21, 1984, debtor filed an election to convert to chapter 13. On June 10, 1986, the case was reconverted to chapter 7. To facilitate discussion, we will refer to these time periods as "the superceded 7," "the chapter 13," and "the reconverted 7." American filed its "amended" proof of claim [7] in the total amount of $71,337.08 on May 6, 1985. Debtor filed an Objection on March 18, 1987. The hearing was held on May 5, 1987.[8] The parties filed post-trial briefs and debtor also submitted a reply brief. Debtor's Objection can be broken out into five parts: (1) the timeliness of the proof of claim; (2) the accuracy of the amount of the claim; (3) the form of the claim; (4) the identification of allegedly secured property,

and (5) the allegedly fraudulent activity of American. We will address these issues seriatim.

Debtor's timeliness argument rests on the fact that the claims docket in this case contains the annotation "4/22/85" in the upper corner.[9] The actual bar date in this case, however, can only be determined by reference to the Code, Rules and the official bar date notice. In this district, we avail ourselves of the option to include a notice of the bar date with the notice of the creditors' (11 U.S.C. § 341) meeting. *See generally,* Official Form No. 16, Bankruptcy Rule ("Rule") 2002(a), (e), and (f)(3). Thus, the bar date is not set until the creditors' meeting is scheduled. This practice is grounded in Rule 3002, which provides that the bar date is set 90 days after the creditors' meeting.

No bar date was set in the superceded chapter 7 because no creditors' meeting was scheduled. While the case was pending under chapter 13, a creditors' meeting was held on January 21, 1985.[10] No creditors' meeting was held after the reconversion to chapter 7, and thus no bar date was set in the reconverted chapter 7 case.

Rule 1019 governs bar dates in converted cases:

> When a chapter 11 or chapter 13 case has been converted or reconverted to a chapter 7 case:
>
> \* \* \* \* \* \*
>
> (3) *New Filing Periods.* A new time period for filing claims … shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11 or 13 case and thereafter reconverted to a chapter 7 case and the time for filing

---

Docket no. 86–0292, Weiner, J. On October 19, 1987, the Supreme Court denied the petition for writ of certiorari.

**6.** *See* n. 4 and 5, *supra.*

**7.** *See discussion, infra* at p. 602.

**8.** American objected that it was unable to attend on the original hearing date, April 23, 1987, and requested a continuance. Debtor objected. We

ordered that the hearing be rescheduled for May 5, 1987.

**9.** As a clerical practice, the Clerk's office often annotates claims dockets with the bar date. Clearly, however, this is not the chapter 7 bar date.

**10.** The "4/22/85" annotation on the claims docket is obviously 90 days after this date.

claims ... or any extension thereof, expired in the original chapter 7 case.

(4) *Claims Filed in Superceded Case.* All claims actually filed by a creditor in the superceded case shall be deemed filed in the chapter 7 case.

Rule 1019. When a conversion has occurred, "(t)he date fixed for the meeting of creditors will control at least the time for filing claims pursuant to Rule 3002(c)." Advisory Committee Note to Rule 1019.

■ The question not directly addressed by Rule 1019 is whether the bar date runs anew in a reconverted 7 if a creditors' meeting occurred during the chapter 13 case. We are confident that "(t)he prohibition against any new filing of claims in a reconverted case, as set forth in Rule 1019(3), applies only where creditors have had a *full opportunity to file claims* in *both* the chapter 7 case *and* the chapter 11 or 13 case." *In re Hall,* 51 B.R. 326, 329, Bankr.L.Dec. para. 70, 683 (Bankr.D.Utah 1985) (emphasis added).

We would reach the same conclusion independently of the *Hall* decision. Rule 1019 creates a general proposition (the bar date runs anew in the reconverted case), and exceptions to that rule (no new bar date will be set if a bar date had previously been set and expired in the superceded chapter 7 case). The Code and Rules do not specifically discuss the factual situation present in this case—a bar date in a chapter 13 but no bar date in the reconverted chapter 7 case. However, "(i)n construing a federal statute, our test is to construe congressional intent." *In re Roach,* 824 F.2d 1370, 1372 (3d Cir.1987). Thus,

'We look first to the statutory language and then to the legislative history if the statutory language is unclear.' *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct.

1541, 1547, 79 L.Ed.2d 891 (1984). 'We must also remain mindful of the statute's object and policy and must read the disputed provision in the context of the entire statute.' *N.J. Transit Policeman's Benevolent Association Local 304 v. New Jersey Transit Corp.,* 806 F.2d 451, 453 (3d Cir.1986) [11]

*In re Roach,* 824 F.2d 1370, 1372. We do not find the instant statutory language unclear. Congress listed only limited exceptions to the general rule that the bar date was to run anew in the reconverted case. Since this was not one of the exceptions, this case is governed by the general rule.

■ Additionally, American's claim cannot be time barred because it represents a *secured* claim. American was not required to file a proof of claim while the case was pending under chapter 13.[12] As a general proposition, "a creditor with a loan secured by a lien on the assets of a debtor who becomes bankrupt before the loan is repaid (can) ignore the bankruptcy proceeding and look to the lien for satisfaction of the debt." *In re Tarnow (Appeal of Commodity Credit Corp.),* 749 F.2d 464, 465 (7th Cir.1984), *citing Long v. Bullard,* 117 U.S. 617, 620–21, 6 S.Ct. 917, 918, 29 L.Ed. 1004 (1886). This is true regardless of whether the secured creditor files a proof of claim.[13] *See generally, Simmons v. J.T. Savell (In re Simmons),* 765 F.2d 547 (5th Cir.1985); *In re Hall,* 51 B.R. 326, 330 n. 5.

We further support our interpretation on an equitable basis. Debtor's chapter 13 plan, confirmation of which was ultimately denied, was filed prior to the expiration of the chapter 13 bar date. It contained provisions for repaying the debt to American. It is conceivable that American chose not to file a proof because of the manner in which its claim was dealt with in the proposed

---

**11.** (U.S. appeal pending)

**12.** Rule 3002(a) provides:

(a) *Necessity for Filing. An unsecured creditor or an equity security* holder must file a proof of claim or interest ...

Rule 3002 (emphasis added). This Rule does not require the filing of proofs of secured claims:

A secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in

interest has requested a determination and allowance or disallowance under § 502. Advisory Committee Note to Rule 3002.

**13.** Of course, secured creditors often do file proofs of claim to protect themselves in the event that they are, or might become, unsecured. In such a case, the filing would provide them with a claim for the shortfall.

plan. We cannot envision penalizing American if its failure to file a claim in a chapter 13 occurred because of its reliance on the plan.

Debtor's attack on the amount of American's claim can be split into two areas. She complains that (1) American has not listed its "methods of computation" (Objection para. 11), and (2) she has never received an audit of her records. A properly filed claim is automatically allowed unless an objection is filed. 11 U.S.C. § 502(a). The properly filed claim is then "prima facie evidence of the validity and amount of the claim." Rule 3001(f). The presumption of validity remains until the objector introduces evidence sufficient to rebut the prima facie case. *In re Harmon,* 72 B.R. 458, 461 (Bankr.E.D.Pa.1987); *In re Americana Apparel,* 55 B.R. 160, 162 (Bankr.E.D.Pa.1985). The burden of going forward is thus on the objector. *In re Vic Snyder, Inc.,* 50 B.R. 631 (Bankr.E.D.Pa. 1985). *See also In re Eagson Corp.,* 58 B.R. 395 (Bankr.E.D.Pa.1986) (interpreting former Rule 301(b)).

Debtor offers no evidence to rebut American's prima facie claim, although she indirectly attacks the validity of the claim. Guided by the Supreme Court, we hold debtor's pleading to a less stringent standard than we would apply had she been assisted by counsel. *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). We consider *Haines* as we review her broad allegation that American has not used a proper "method of computation."

American's proof lists its two secured claims based on two separate mortgages, as follows:

| Count 1 | | Count 2 | |
|---|---|---|---|
| Principal | $20,735.26 | Principal | $39,756.77 |
| Interest | 1,974.10 | Interest | 5,125.31 |
| Late Charges | 155.68 | Late Charges | 142.20 |
| Costs | 30.00 | Costs and Fees | 2,381.00 |
| Attorney's Fees | 1,036.75 | | |

Our colleague, Judge Fox, has noted that "... there is no right to interest on the arrears absent a provision in the mortgage agreement permitting such a charge." *In re Hamilton,* no. 86–02931F, slip op. at 3 (Bankr.E.D.Pa. April 9, 1987). The instant mortgages clearly provide for interest at a rate of seven and one half (7½%) percent. We must also rely on the mortgages to determine the amount, if any, of the late charges. *In re Harmon,* 72 B.R. 458, 461–62. Both mortgages provide that in the event payment becomes overdue, "... mortgagor agrees to pay the additional charge to defray the expense incident to handling a delinquent account in the amount of 2% of each dollar ..." Thus, American can request late charges.

The cost and attorney fee calculations present difficult questions. The mortgages provide that *if* American is required to proceed to foreclosure, it can recover principal, interest, "... costs of suit and attorney's commissions of five (5%) per centum with a minimum of $200.00 for collection."

Although we hate to exalt form over substance, the form in which fees and costs are presented is crucial. Costs and fees will not be allowed if they are lumped in one category. *In re Harmon,* 72 B.R. 458, 461. Count 2 of American's proof lumps costs and fees. Attorney's fees must be itemized in compliance with the *Meade Land* decision. *Id.,* referencing *Meade Land and Development Co.,* 527 F.2d 280, 284 (3d Cir.1975). American has not provided such an itemization and thus has not shown to our satisfaction that the attorney's fees it lists were incurred under the circumstances outlined in the mortgages. Accordingly, we will order on both counts of American's secured claim that (1) costs and fees be broken out, and (2) that American submit an itemization of fees in a format complying with the *Meade Land* decision.

We cannot address debtor's request for an audit. If the information requested were critical to this bankruptcy, she should have availed herself of the procedural vehicles through which the production of evidence and information can be compelled.

Debtor also objects that the form on which American submitted its proof does not replicate Official Form No. 19. Specifically, the form filed by American lacks the penalty clause contained on the official

form.[14]  Rule 3001(a) requires only that proofs "conform substantially" to Official Form No. 19.  The signature of an attorney on any document

"... constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument ...; and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation ..."

Rule 9011.[15]  In short, the form used by American in no way affects our right to censure fraudulent activity.

■ Debtor also objects that the proof of claim incorrectly identifies the location of the secured property, listing it as 512 Philadelphia Avenue instead of 517 Philadelphia Avenue.  American's counsel willingly admits that this is a typographical error, and explains that an exhibit to the claim, the mortgage, correctly identifies the property. This is a harmless error, and we will allow American to amend its "amended" proof of claim.  Rule 9005.

■ Finally, debtor offers "shotgun" allegations claiming that American has committed fraud.  She has not pleaded fraud with any specificity.  Furthermore, she has offered no evidence, testimony or case law to support these allegations.  Consequently, debtor fails totally to carry her burden on the fraud objection.  Debtor focuses intently on the fact that American captioned its proof of claim as an "amended" proof of claim, despite the fact that no "original" proof existed.  Counsel explains that this was an oversight based on his mistaken belief that an earlier proof had been filed.  We find his testimony credible, particularly in light of the fact that American had no obligation to file a proof of claim.  The cases cited by debtor are not on point.  *See e.g., Hernandez—Avila v. Averill,* 725 F.2d 25 (2d Cir.1984) (discussion of the correct captioning of case); *In re Middle Plantation of Williamsburg, Inc.,* 48 B.R. 789 (D.C.Va.1985) (whether initial submission must be a "formal" proof of claim to allow later filing of amended proof of claim).

An appropriate order will follow.

---

**14.** That clause reads: *"Penalty for Presenting Fraudulent Claim.* Fine of not more than $5,000.00 or imprisonment for not more than 5 years ..."

**15.** The current version of Rule 9011 took effect subsequent to the filing of American's proof of claim.  It is substantively the same but contains gender-neutral language.