**In re Elton MORGAN, Jr., Linda Patricia Morgan, Marvin Junior Hall, Linda Marie Hall, Debtors.**

**Bankruptcy Nos. 89–00234–NNT, 89–00266–NNT.**

United States Bankruptcy Court, E.D. Virginia, Newport News Division.

Sept. 12, 1989.

Richard G. Poinsett, Hampton, Va., Robert B. Hill, Petersburg, Va., for debtors.

MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

These two chapter 13 cases involve identical issues of whether a fully secured deed of trust creditor is entitled to interest on pre-petition delinquent deed of trust payments which are to be brought current under the chapter 13 plans. The interest in question is in addition to regular interest required under the note and included in the monthly loan payments. In neither case do

the creditor's loan documents provide for this additional interest.

Landmark Financial Services, the holder of the deed of trust claims in both cases, objects to confirmation of the debtors' proposed plans for failure of the plans to provide the additional interest on the payments in arrears.

Unfortunately, the Bankruptcy Code does not specifically address this issue. Instead, Courts have had to divine the answer from the following code language relating to chapter 13 plans:

(b) Subject to subsections (a) and (c) of this section,
the plan may—

. . . . .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims;

. . . . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;

11 U.S.C. § 1322(b) (1982 & Supp. V 1988).

(a) [T]he court shall confirm a plan if

. . . . .

(5) with respect to each allowed secured claim provided for by the plan– . . .
(B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim;

11 U.S.C. § 1325(a) (1982 & Supp. V 1988).

Understandably, courts considering whether the above provisions require a chapter 13 plan to provide for interest on mortgage payments in arrears have reached conflicting results.

In the following decisions, it was held that chapter 13 plans could be confirmed without providing for interest on mortgage arrearages: *Appeal of Capps*, 836 F.2d 773 (3rd Cir.1987); *Foster Mortgage Corp. v. Terry (In re Terry)*, 780 F.2d 894 (11th Cir.1985); *In re Brown*, 91 B.R. 19 (Bankr. E.D.Va.1988); *In re Stamper*, 17 B.C.D. 586, 84 B.R. 519 (Bankr.N.D.Ill.1988); *In re Brady*, 86 B.R. 166 (Bankr.D.Minn. 1988); *In re Harmon*, 72 B.R. 458 (Bankr. E.D.Pa.1987).

The following decisions effectively require interest on arrearages as a condition of confirmation: *In re Colegrove*, 771 F.2d 119 (6th Cir.1985); *In re Catlin*, 81 B.R. 522 (Bankr.D.Minn.1987); *In re Van Gordon*, 69 B.R. 545 (Bankr.D.Mont.1987); *In re Trigwell*, 67 B.R. 808 (Bankr.C.D.Calif. 1986).

Collectively, these decisions have exhaustively analyzed the Code sections and considered the legislative history and Congressional intent. There is little need for this Court to add to the literature on the subject.

Although interest on deed of trust arrearages has customarily been provided for by chapter 13 plans in the Eastern District of Virginia, it appears that Chief Judge Bostetter's decision in *In re Brown*, 91 B.R. at 20, is the first ruling in this district on the question of whether the interest is required by the Code.

I basically agree with Judge Bostetter's reasoning in concluding that a provision for payment of interest on mortgage and deed of trust arrearages is not required for confirmation of a chapter 13 plan unless the additional interest is provided for by the loan documents. Although the lender loses in these cases, it appears that mortgage lenders have a future remedy by modifying their loan documents.

Consequently, the objections of Landmark Financial Services to confirmation of the chapter 13 plan of the debtors are overruled. The standing chapter 13 trustee may submit appropriate orders of plan confirmation.

An appropriate order shall be entered.