**In re Danny Michael STEWART, Debtor.**

**INTERNAL REVENUE SERVICE,**
**Appellant,**

v.

**Danny Michael STEWART, and Jo**
**S. Widener, Trustee, Appellees.**

**Civ. A. No. 94–0054–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

Aug. 16, 1994.

Robert P. Crouch, Jr., U.S. Atty., Roanoke, VA, and Margaret M. Earnest, U.S. Dept. of Justice, Washington, DC, for appellant.

Barry L. Proctor, Abingdon, VA, and Jo S. Widener, Bristol, VA, for appellees.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, Senior District Judge.

This proceeding is before this court on Appellant's, Internal Revenue Service ("IRS"), appeal of the bankruptcy court's Order confirming the Debtor's, Danny Stew-

art ("Stewart"), Chapter 13 plan. Jurisdiction in this court is pursuant to 28 U.S.C. § 158(a).

## FACTS

The Debtor filed a petition in bankruptcy on November 8, 1993 according to Chapter 13 of the bankruptcy code. 11 U.S.C. §§ 101 *et seq.* On November 30, 1993, the IRS filed a proof of claim for federal taxes in the amount of $12,315.87. The proof of claim listed $4,276.56 of the total tax liability as constituting a secured claim.[1] The remaining $8,036.31 was listed as a priority claim. No objection to the proof of claim was filed.

The Debtor's Chapter 13 plan ("plan") was filed on or about November 8, 1993. That plan stated the amount of federal tax liability to be $10,500.00,[2] $1,815.87 less than the IRS proof of claim. Also, it listed the Debtor's total tax liability as constituting an unsecured claim.[3] A confirmation hearing was held at which the bankruptcy court confirmed the plan subject to resolution of the IRS's objections. An Order confirming the plan, subject to the IRS's objections, was entered February 25, 1994.

## DISCUSSION

Appellant contends that the bankruptcy court erred in confirming Debtor's Chapter 13 plan. Specifically, Appellant argues that confirmation was improper because the plan failed to adequately protect the IRS's secured claim and the priority of its unsecured claim. Thus, Appellant requests that this court reverse the bankruptcy court's confirmation of Debtor's plan as it fails to comply with Chapter 13 requirements.

A district court may conduct a *de novo* review of a bankruptcy court's conclusions of law. *In re Tudor Assoc., Ltd.,* 20 F.3d 115, 119 (4th Cir.1994) [citations omitted]; Bankr.R. 8013. The burden is on the debtor to prove that a proposed plan com-

---

1. A notice of federal tax lien was filed prior to the Debtor's petition in bankruptcy.

2. The plan listed payment to be at a rate of $175.00 per month for a total of sixty months.

3. Accordingly, the plan failed to designate the IRS as a secured creditor, failed to provide that the IRS retain its lien, and failed to provide that the Debtor would surrender the property securing the lien.

plies with Chapter 13. *In re Goodavage*, 41 B.R. 742, 743 (Bankr.E.D.Va.1984) [citations omitted]. However, the bankruptcy court has an independent duty to see if plan requirements are met. 48 B.R. 502.

11 U.S.C. § 502(a)[4] provides that where a proof of claim is timely filed, such claim must be allowed in the absence of an objection by a party in interest. Although some provisions of §§ 1322 and 1325 are permissible, other provisions are mandatory and have been held to constitute requirements for confirming a Chapter 13 plan. *Id.; In re Hamilton*, 102 B.R. 498, 500 (Bankr.W.D.Va.1989). Sections 1322 and 1325(a)(5) provide certain requirements for a "confirmable chapter 13 plan." *In re Driscoll*, 57 B.R. 322, 327 (Bankr.W.D.Wis.1986). Section 507 grants priority to certain claims. 11 U.S.C. § 507.

Section 1322 provides that a Chapter 13 plan "shall" provide for the full payment of all claims entitled to priority under § 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim. Section 507 grants priority status to certain claims, including allowed unsecured claims for tax liabilities. 11 U.S.C. § 507(a)(7).

With regard to each secured claim, § 1325 provides that a bankruptcy court "shall" confirm a plan when at least one of the following is met: (1) the holder of such claim has accepted the plan; or (2) the plan provides that the holder of such claim retains the lien securing such claim and the value of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or (3) the debtor has surrendered the property securing such claim to such holder. If none of the § 1325 requirements are met, the bankruptcy should not confirm a Chapter 13 plan. *Driscoll*, 57 B.R. at 327; *Hamilton*, 102 B.R. at 500. Thus,

[i]n a chapter 13 plan all claims entitled to priority under section 507 must be paid in full unless the claimant agrees to different treatment. Similarly with respect to secured claims the Chapter 13 plan must

provide for full payment of the allowed secured claim and for the retention of the lien ... or in the alternative that the debtor surrender the property securing the claim.

*Driscoll*, 57 B.R. at 328.

After confirmation of a Chapter 13 plan, § 1328 provides for the discharge of all debts provided for by the plan, except any debt provided for under § 1322(b)(5) or under § 523(a)(5)[5]. In examining the interrelationship between §§ 1322, 1325, and 1328, it appears that "a plan which does not provide for the full payment of priority and secured claims is not confirmable." *Id.* Accordingly, where the § 1325 mandatory provisions are not met, this court is of the opinion that it "must ... revoke confirmation of the debtor's plan in order to avoid circumvention of the clear requirements of the [bankruptcy] Code." *Id.*

In the present case, the IRS filed a proof of claim to which no objection was made. Thus, the IRS's claim must be deemed allowed. The proof of claim filed by the IRS separated Debtor's total tax liability into that constituting a secured claim and that constituting an unsecured, priority claim. *See* 11 U.S.C. § 507. Accordingly, Debtor's Chapter 13 plan must take into account the IRS's claims pursuant to §§ 1322 and 1325.

Debtor's plan was confirmed on February 24, 1994. However, as an initial assignment of error, the bankruptcy court failed to provide that the IRS's secured claim was provided for pursuant to the mandatory provisions under § 1325. That is, the plan fails to provide that the IRS may retain its lien or that Debtor must surrender the property serving as security for the claim to the IRS. Since the § 1325 requirements are not yet met, Debtor's plan is not "confirmable." Thus, the bankruptcy court erred in confirming the plan. *See Hamilton*, 102 B.R. at 500 ("Until the Chapter 13 plan proposes treatment of the secured portion of the Internal Revenue Service claim, it cannot be considered for confirmation.").

---

4. This statute is made applicable to Chapter 13 by virtue of 11 U.S.C. § 103(a).

5. Neither of these exceptions to discharge are applicable in the present case.

## CONCLUSION

Since the requirements of § 1325 were not met prior to confirmation, this court finds that the bankruptcy court's confirmation of Debtor's plan was in error. Accordingly, the order of the bankruptcy court confirming the plan is hereby reversed and this case is remanded in order to determine whether the IRS's claims are properly considered under Debtor's plan.