**In re George MILLER and Edwina Miller, Debtors.**

**Bankruptcy No. 95–21733–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 28, 1995.

488

Alex P. Rosenthal, Hollywood, FL, for Hershel Pearl, Second Mortgagee.

Edward J. Chandler, Ft. Lauderdale, FL, for Debtors.

Robin Weiner, Trustee, Hallandale, FL.

### ORDER DENYING SECOND MORTGAG-EE'S MOTION TO DISMISS CASE OR, ALTERNATIVELY, FOR RE-LIEF FROM THE AUTOMATIC STAY

PAUL HYMAN, Jr., Bankruptcy Judge.

THIS CAUSE came before the Court on June 12, 1995, upon the Second Mortgagee's Motion to Dismiss Case Or, Alternatively, For Relief From the Automatic Stay ("the Motion"). The Court, having considered the arguments of counsel, having reviewed the post-hearing submissions by the respective parties and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The parties agree that facts in this case are not in dispute. Hershel Pearl ("Pearl") is the holder of a second mortgage in the approximate amount of $18,000.00 on the Debtors' primary residence (the "Resi-dence"), in Broward County, Florida. Pearl's note and mortgage fully matured pursuant to its terms on November 3, 1993. The first mortgage holder, Metmor Financial, Inc. ("Metmor"), who has a lien in the approximate amount of $33,000.00, filed a foreclosure suit against the Debtors and Pearl (as second Mortgagee), and the Circuit Court of Broward County entered a final judgment of foreclosure on April 6, 1995. One day before the foreclosure sale, the Debtors filed a petition under Chapter 13 of the bankruptcy code. Other than Metmor and Pearl, the Debtors do not have any significant creditors. Metmor's mortgage did not mature on its own terms prior to the filing of the Debtor's bankruptcy petition. The Debtors value the Residence at $80,-000.00 in their schedules. The Debtors have proposed a plan that will result in payment of Metmor's arrearages and all of principal and interest due on Pearl's debt as of the petition date over the five year term of the Debtors' plan. The Debtors' plan does not appear to pay Pearl any postpetition interest on Pearl's prepetition debt.

### CONCLUSIONS OF LAW

Pearl filed the Motion, alleging that, since the mortgage debt matured on its own terms pre-petition, it could not be cured or brought current under any circumstances without payment in full. Pearl contends that the Debtors' plan to cure the default on his mortgage constitutes a modification of his secured claim which is not permitted pursuant to Section 1322(b)(2). As separate grounds for dismissal or, alternatively, for relief from the automatic stay, Pearl argues that the instant bankruptcy case is a bad faith filing since the Debtors' plan is incapable of being confirmed. Pearl asserts that this Court should follow the Ninth Circuit decision, *In re Seidel*, 752 F.2d 1382 (9th Cir.1985), which held that a debtor could not cure a fully matured mortgage because such a cure would be a modification prohibited by Section 1322(b)(2).

The Bankruptcy Reform Act of 1994 ("1994 Act"), which applies to all bankruptcy cases

filed on or after October 22, 1994,[1] created a new provision which directly impacts on the instant case. Specifically, the pertinent new language is found at Section 1322(c):

Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title (emphasis added).

The plain language of Section 1322(c) clearly and explicitly overrules *In re Seidel, supra*, and removes the protection against the modification of certain mortgages, including those that have matured pre-petition. Therefore, the court finds that a chapter 13 debtor can modify and pay off a mortgage during the term of the Debtors' plan which fully matured prepetition.

■ As to whether Pearl is entitled to postpetition interest, Pearl, as an oversecured creditor, is entitled to payment of postpetition interest on its prepetition debt. Pursuant to 11 U.S.C. § 506(b), oversecured creditors are entitled postpetition interest on their allowed secured claims. *Donald Neal Rake, et al. v. William J. Wade*, 508 U.S. 464, ——, 113 S.Ct. 2187, 2188, 124 L.Ed.2d 424 (1993); *Orix Credit Alliance, Inc. v. Delta Resources, Inc. (In re Delta Resources, Inc.)*, 54 F.3d 722, 727 (11th Cir.1995). There is no dispute that Pearl is an oversecured creditor. Therefore, Pearl is entitled to postpetition interest. At the hearing on the motion, the Debtors expressed a desire to amend their plan if the court ruled that Pearl is entitled to postpetition interest. Therefore, the court will grant Debtors the right to amend their plan and will require the Debtors to file an amended plan on or before September 5, 1995.

**ORDERED AND ADJUDGED** that:

1. The Second Mortgagee's Motion to Dismiss case Or, Alternatively, for Relief from the Automatic Stay is denied. The Chapter 13 Trustee is directed to schedule a confirmation hearing for the instant case at the next Chapter 13 calendar in Broward.

2. Pearl is entitled to postpetition interest on the arrearages to be paid under the Debtor's plan.

3. This Order is not a determination as to any objection as to whether the Debtors' proposed plan is feasible or confirmable other then as stated herein.

**DONE AND ORDERED.**

---

1. The instant case is governed by the 1994 Act, as it was filed on April 5, 1995.