**UNITED STATES of America, on Behalf of the INTERNAL REVENUE SERVICE, Appellant,**

v.

**WOODWAY STONE CO., INC., Appellee.**

**UNITED STATES of America, on Behalf of the INTERNAL REVENUE SERVICE, Appellant,**

v.

**Mary Ethel JESSEE, Appellee.**

**Civ. A. Nos. 94–0257–B, 94–0258–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Sept. 28, 1995.

Steven Randall Ramseyer, U.S. Attorney's Office, Abingdon, VA, for the U.S. on Behalf of I.R.S.

John M. Lamie, Browning, Lamie & Sharp, P.C., Lebanon, VA, for Woodway Stone Company, Inc.

## MEMORANDUM OPINION

TURK, District Judge.

The United States of America on behalf of the Internal Revenue Service (IRS) brings these appeals from a decision of the United States Bankruptcy Court of the Western District of Virginia issued by Judge H. Clyde Pearson on September 29, 1994. At all times herein the two cases will be jointly considered. Both actions come to this court from objections to the same Joint Chapter 11 Bankruptcy Plan which consolidated Mary Ethel Jessee's bankruptcy case with that of Woodway Stone Company, Inc. on June 30, 1994. The bankruptcy court took that action because Ms. Jessee is the sole owner of Woodway Stone and had guaranteed all of its debts. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). Upon careful consideration of the record, the applicable law, and the briefs submitted by the parties the court reverses the decision of the bankruptcy court and remands the case for further action consistent with this opinion.

## I. BACKGROUND

On July 29, 1993 both debtors filed voluntary petitions with the bankruptcy court—the individual debtor under Chapter 13, and the corporate debtor under Chapter 7. Appellee Jessee's case was converted to a Chapter 11 proceedings on November 10, 1993. That conversion resulted from an objection made by the IRS based on 11 U.S.C. § 109(e) which provides that only an individual with secured debts of less than $350,000 may file under Chapter 13. The appellant pointed to the debtor's own claim sheets which showed secured claims in excess of $700,000. Appellee Woodway Stone Co.'s case was converted to a Chapter 11 proceeding on April 18, 1994, because the business had been sold and the appellee could use that income to pay off its creditors.

On June 30, 1994 the debtors filed a disclosure statement and plan of reorganization listing among the debts an unclassified $4,000 tax claim by the IRS. Ms. Jessee contested that claim however, and maintained that she paid the IRS in full in a prior bankruptcy case. The bankruptcy court consolidated the case of Woodway Stone with Ms. Jessee's case that same day and on August 11, 1994 the IRS filed an amended proof of claim for pre-petition income taxes, interest, and penalties totaling $30,357. No objection to that amended proof of claim was filed. A Joint Bankruptcy Plan for both appellees was filed on September 29, 1994. The plan was confirmed despite the pending claim by the IRS for back taxes that was set for an adversary proceeding before the bankruptcy court at some unspecified future date. The reason given by the bankruptcy court for confirming the plan despite the IRS's unsatisfied pending claim was that any taxes the debtors owed to the government were contested and "contingent."

According to the IRS, the confirmation of the Joint Bankruptcy Plan over its objection was clearly erroneous as a matter of law. The appellant filed a notice of appeal on October 6, 1994 alleging violations of several provisions of the code. Specifically, the government claims that unjustified discrimination against its secured claim resulted from the confirmation of a plan that provided for immediate payment to other creditors in its class while leaving the disposition of its claim subject to an adversarial proceeding which would occur on some unspecified later date.

## II. *ANALYSIS*

 The case comes before this court on the IRS's appeal from the Bankruptcy Court of the Western District of Virginia of a plan confirmed on September 29, 1994. According to Bankruptcy Rule 8013, this Court shall not set aside the factual findings made by the bankruptcy court unless they are clearly erroneous. However, the court reviews the record *de novo* with respect to any conclusions of law. *In re Tudor Assoc., Ltd.,* 20 F.3d 115, 119 (4th Cir.1994). Since the facts are not in dispute and the issue on appeal is the bankruptcy court's allegedly erroneous confirmation of the Chapter 11 plan, the court has reviewed the bankruptcy court's decision *de novo.*

 The IRS maintains that confirmation of the plan was erroneous because the plan discriminated against its claim and did not comply with the "cram down" provisions of 11 U.S.C. § 1129(b)(1). Appellees Mary Ethel Jessee and Woodway Stone Co. allege that confirmation was justified since it discharged the debtors early, saving time and money and because the plan did in fact provide for payment to the IRS upon its successful prosecution of the contested tax debt. The court finds that the bankruptcy court is without authority under the Code to issue a confirmed plan without retaining the IRS's lien.

 Bankruptcy Rule 3001(f) provides that a proof of claim executed and filed in accordance with the rules constitutes prima facie evidence of the validity and amount of the claim. Further, 11 U.S.C. § 502(a) states that a claim or interest, proof of which is filed under § 501 is deemed allowed. While the bankruptcy court is given some discretionary leeway when applying certain provisions of 11 U.S.C. § 1123, the appellant's claim here falls within the scope of mandatory authority. Section 1123(a)(4) requires that the same treatment be provided for each claim or interest of a particular class unless the holder of that claim agrees to less favorable treatment. The IRS never agreed to wait for payment on its claim [1] while other secured creditors, such as Powell Valley National Bank and Black Diamond Savings Bank began receiving satisfaction of their claims on June 10, 1994.

 Before a Chapter 11 plan can be "crammed down" over the objections of a dissenting creditor, the debtor must establish by clear and convincing evidence that the plan is fair and equitable. 11 U.S.C. § 1129(b)(1); *See In re Birdneck Apartment Assocs., II, L.P.,* 156 B.R. 499, 507 (Bankr. E.D.Va.1993). The fair and equitable standard requires that a secured claim holder not only retain its lien, but also that it receive deferred cash payments totaling the amount of the claim subject to present valuation. *In re Bryson Properties, XVIII,* 961 F.2d 496, 500 (4th Cir.1992). The plan at issue does not satisfy the "cram down" provisions because it failed to provide that the appellant would retain a lien on its secured claim. There was also no specified date upon which payments to the IRS would begin.[2] Thus the debtor's plan is not confirmable and the bankruptcy court should not have confirmed it. *See In re Stewart,* 172 B.R. 14, 16 (W.D.Va.1994).[3]

---

1. Although the appellees disputed the tax debt, as of the date of confirmation no proof was offered that the claim was invalid and therefore, under 11 U.S.C. § 502(a) the claim was to be deemed allowed. The bankruptcy court has no authority to simply label the secured claim of the IRS "contingent" and use that designation to bootstrap its way into discriminating against the appellant.

2. The bankruptcy court appears to have concluded that the contest over the disputed tax debt would be simply and quickly solved and therefore, the debtor should be discharged from bankruptcy in order to save time and money. However, it is now almost one year since the plan has been confirmed and the taxes allegedly owed by the appellees are still outstanding. This court believes that the practice of putting off some creditors while providing for payment to others may actually give the debtor an incentive to engage in foot dragging and cause even greater delays than would have occurred had the contested debt been determined before the plan was confirmed.

3. Even though *In re Stewart* dealt with a Chapter 13 plan as opposed to one rising under Chapter 11, the substantive provisions of the code essentially the same for the confirmation of plans under both bankruptcy chapters. Further, the facts of that case are almost completely identical to the case at bar. There, as here the IRS's

## III. *CONCLUSION*

As a secured creditor, the IRS was entitled to the same treatment that other creditors in the same class received by the bankruptcy court. The confirmed plan however failed to meet the requirements of 11 U.S.C. § 1123(a)(4). Accordingly, the order of the bankruptcy court confirming the plan is reversed and the case is remanded for further action consistent with this opinion.

claim was deemed contingent and the bankruptcy court discharged the debtor without retaining the government's lien when it confirmed the plan. Thus, it has been established in this jurisdiction that such a plan is wholly invalid and cannot stand.