**In re Samuel J. LOBUE, Debtor.**

**Bankruptcy No. 95–10409–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 21, 1995.

James S. Caris, Law Offices of James S. Caris, P.A., Hollywood, FL, for debtor.

Betty Ann Beavers, Plantation, FL, for NationsCredit.

Nancy N. Herkert, Chapter 13 Trustee, Hialeah, FL.

*ORDER DENYING NATIONSCREDIT FINANCIAL SERVICES CORPORATION'S RENEWED MOTION FOR RELIEF FROM AUTOMATIC STAY AND ALTERNATIVE MOTION TO DISMISS*

A. JAY CRISTOL, Chief Judge.

THIS CAUSE came before the Court on October 25, 1995, upon NationsCredit Financial Services Corporation's ("NationsCredit") Renewed Motion for Relief from Automatic Stay and Alternative Motion to Dismiss ("Motion"). The Court having considered the arguments of counsel, having reviewed the post-hearing submissions by the respective parties and being otherwise fully advised in the premises, hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

NationsCredit Financial Services Corporation is the holder of a first mortgage on the Debtor's primary residence. The Debtor owns a one-half (½) interest in the subject property with his parents Joseph Lobue and Georgean Lobue having ownership of the other one-half (½) interest in said property.

On October 4, 1993 the entire principal balance of the first mortgage matured in the amount of $60,000.00. Presently with interest, costs and attorneys fees, there is due and owing $93,125.14 through August 15, 1995. NationsCredit's appraisal of the real property is $300,000.00, therefore, NationsCredit is comfortably oversecured.

The Debtor filed this case as a Chapter 11 on January 28, 1994, some 16 months after the mortgage had matured and in response to NationsCredit's foreclosure action being filed against him. The Debtor converted this case from Chapter 11 to Chapter 13 on July 26, 1995. NationsCredit had previously been given stay relief to obtain a final judgment of foreclosure.

The Debtor has proposed a Chapter 13 plan whereby he will pay the entire balance due for both principal and interest over a 53 month period of a 60 month plan. Thus the Debtor will make monthly payments under the proposed plan of $2180.76 per month reflecting 10% interest, the same interest

rate as that contained in the promissory note attached to NationsCredit's Motion (which is substantially above market today).

## CONCLUSIONS OF LAW

■ In its September 19, 1995, renewed motion for stay relief, NationsCredit argued that because the balloon payment matured and became due and payable by its own terms on October 4, 1993, prior to Debtor's filing for bankruptcy protection, it could not be paid over time as proposed in Debtor's plan. NationsCredit contends that such a plan fails under Section 1322(b)(2) because it is an impermissible modification of the rights of a principal home mortgagee. In support of its Motion, NationsCredit cites Section 1322(b)(2) which provides:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>> (2) modify the rights of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims, or leave unaffected the rights or of holders of any class of claims.

Relying on this section of the Bankruptcy Code, NationsCredit argues that a mortgage debt that has matured on its own terms pre-petition, cannot be cured or brought current without making payment in full. NationsCredit encourages this Court to follow the Ninth Circuit decision of *In re Seidel,* 752 F.2d 1382 (9th Cir.1985), that considered whether a Chapter 13 plan may be confirmed which proposes to pay out through the plan a home mortgage loan that had fully matured pre-petition. The Ninth Circuit concluded this was an impermissible modification of a home mortgage. The Court declines NationsCredit's invitation based on the following.

The Bankruptcy Reform Act ("1994 Act"), which went into effect on October 22, 1994, added a new subsection to Section 1322. The pertinent new subsection is Section 1322(c)(2) which states:

> (c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—
>> (2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest

in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

■ This subsection allows a mortgage debt that has come due before the last payment is due under the plan, to be modified so that the mortgage is paid in full by the time the last payment comes due under the plan. This broad language clearly allows for the post-petition payment of a balloon mortgage payment that came due pre-petition, through a stream of payments contained in the Chapter 13 plan. The balloon mortgage payments must be completed by no later than the date the last payment is due under the proposed plan.

This section overrules the holding made in *In re Seidel, supra.* Judge Hyman recently reached the same conclusion in an unpublished opinion dated August 28, 1995 in the case of *In re George Miller and Edwina Miller,* Case No. 95–21733–BKC–PGH, 1995 WL 771402, where he ruled:

> The plain language of Section 1322(c) clearly and explicitly overrules *In re Seidel, supra* and removes the protection against the modification of certain mortgages, including those that have matured pre-petition. Therefore, the court finds that a chapter 13 debtor can modify and pay off a mortgage during the term of the Debtors' plan which fully matured prepetition.

The NationsCredit argument that the Debtor's plan as proposed contains an impermissible modification of the mortgage is not persuasive.

■ NationsCredit next argues that 11 U.S.C. § 1325(a)(5) requires it to accept Debtor's plan and, therefore, Debtor's plan is not confirmable. Irrespective of any lack of acceptance or outright rejection of a plan by a secured creditor, the Court can confirm a plan by using the cram down provisions of Section 1325(a)(5)(B)(i) and (ii) when the plan: (i) provides for the allowed secured claimant's retention of the lien securing the claim; and (ii) contains a provision for distri-

bution to such claim holder of property equivalent in value, as of the effective date of the plan, to the determined value of the claim. The Debtor's plan as proposed provides not only for the full retention of all lien rights of the first mortgage holder, but also provides payment in full of all monies owed equivalent to the full value of the first mortgage at an interest rate higher than market.

Lastly, NationsCredit argues that because the mortgage matured on October 3, 1993, and the Debtor filed for bankruptcy relief on January 30, 1995, some 16 months later, the 53 month cure period in the plan is unreasonable. NationsCredit however, did not file its foreclosure action until approximately the time the Debtor filed his petition in bankruptcy. Section 1322(d) controls this issue, which provides that payments may be extended for as long as five years under a proposed plan. The Bankruptcy Code does not measure time by how long the mortgage has been in default prior to filing the bankruptcy petition. Rather the plan period is measured from the time the bankruptcy petition is filed. Presently, the Debtor's plan proposes a 53 month payout of the entire matured mortgage, including all principal, interest, costs and attorneys' fees.

The decision to deny NationsCredit's motion is based on the particular facts of this case. In this case, NationsCredit is not harmed because: (1) it is over-secured by real property with an appraised value of $300,000.00 by the creditor; (2) the 10% interest it will receive under the plan is well above current market rates; and (3) it is NationsCredit's business to make loans and earn interest on the loans.

The Court is *very* concerned about the potential for abuse and misuse of Section 1322(c)(2) and the possible resulting unfair burden on lenders. Had the lender in this case been an individual who relied upon timely receipt of the balloon payment, it would have been grossly unfair to allow the Debtor to force the lender to make what amounts to a new loan that the lender never intended to make and which the lender possibly could not afford to make. Likewise, had the original loan been for a period of one year with a sizable balloon at the end of that year, by

employing Section 1322(c)(2), a debtor could conceivably force the lender to make a loan it would never have made otherwise. In such a situation, the Court might consider it grossly unfair to blindly apply Section 1322(c)(2).

**ORDERED AND ADJUDGED** that:

1. NationsCredit Financial Services Corporation's Motion for Relief from Automatic Stay and Alternative Motion to Dismiss is denied.

2. This Order is not a determination as to any objection as to whether the Debtors' proposed plan is feasible or confirmable other than as stated herein.

**DONE AND ORDERED.**