**UNITED STATES of America, Appellant,**

v.

**Raleigh W. EASLEY, Jr., and Marion D. Easley, Appellees.**

Civ. A. No. 97–0037–L.

United States District Court,
W.D. Virginia,
Lynchburg Division.

Dec. 11, 1997.

Robert Mitchell Garbee, Wilson, Garbee & Rosenberger, Lynchburg, VA, for Raleigh W. Easley, Jr. and Marion D. Easley.

Alonzo H. Long, U.S. Attorney's Office, Roanoke, VA, for United States of America, on behalf of the U.S. Department of Agriculture, Rural Housing Service.

## MEMORANDUM OPINION

KISER, Senior District Judge.

Before me now is the United States of America's appeal from an order of the United States Bankruptcy Court confirming Raleigh and Marion Easley's Chapter 13 plan. The parties have fully briefed the issues involved. The appeal is, therefore, ripe for disposition. For the following reasons, I REVERSE the decision of the Bankruptcy Court, and REMAND the case for proceedings consistent with this Memorandum Opinion.

### BACKGROUND

On November 6, 1996, appellees filed a joint petition for relief under Chapter 13 of the United States Bankruptcy Code. Appellant is a creditor of the appellees for the amount of $50,677.40, secured by a first lien against appellees' principal residence. Of the secured debt, $6,891.61 represents mortgage arrearages as of the petition date.

Pursuant to 11 U.S.C. § 1321, appellees filed a Chapter 13 plan on November 20, 1996. Appellant filed an objection to the confirmation of the plan on January 27, 1997. Appellees then filed an amended plan to which appellant also objected. On March 27, 1997 the Bankruptcy Court held a hearing on appellees' amended plan, but no appearance was made on behalf of appellant.[1] At the

---

1. Appellees seem to argue that appellant waived its right to object to the plan when it did not appear at the confirmation hearing on March 27, 1997. There is no such waiver. The Bankruptcy Court is under an independent duty to verify that a Chapter 13 plan does in fact comply with the law, irrespective of the lack of an objection by

hearing, the trustee recommended confirmation of the amended plan. The Bankruptcy Court confirmed the amended plan on March 31, 1997.

The amended plan, as confirmed by the Bankruptcy Court, provides for continued mortgage payments over its five year life. It requires, however, that the appellees cure only $3,000.00 of the arrearages due the appellant within the period of the plan. The remainder of the arrearages is to be paid off upon the completion of the plan.

## DISCUSSION

### I. Issue on Appeal

The sole issue on appeal in this case is whether or not the Bankruptcy Court erred in confirming a plan under Chapter 13 of the Bankruptcy Code which did not cure the total arrearages within the life of the plan.

### II. Standard of Review

■ The District Court, when reviewing a Bankruptcy Court's decision, "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R.Bankr.P. 8013. As this court stated in *In re Linkous*, the Bankruptcy Court's factual determinations are subject to deference and shall not be set aside unless clearly erroneous, while its conclusions of law are subject to de novo review. 141 B.R. 890, 892 (W.D.Va.1992).

The government appeals the Bankruptcy Court's interpretation of the Bankruptcy Code. Specifically, this case involves a question of the interpretation and application of § 1322 of the Code. No factual issues are disputed in this appeal and, therefore, this Court shall engage in a plenary review of the Bankruptcy Court's interpretation and application of § 1322.

### III. Confirmation of the Chapter 13 Plan

■ The Bankruptcy Court shall confirm a Chapter 13 plan if it complies with the requirements of 11 U.S.C. § 1325. The parties dispute whether the amended plan complies with § 1325(a)(1). Section 1325(a)(1) requires that, in order to be confirmed, the plan must comply "with the provisions of this chapter and with the other applicable provisions of this title." Thus, "[i]n order for a plan to be confirmable under § 1325(a)(1), it must comply with § 1322 relative to the contents of the plan." *In re Bowles*, 48 B.R. 502, 505 (Bankr.E.D.Va.1985). On an appeal from the Bankruptcy Court, the debtors have the burden of showing that the plan complies with the requirements of Chapter 13. *See In re Stewart*, 172 B.R. 14, 15 (W.D.Va.1994).

Appellant is a creditor secured by a first lien on appellees' residence. Section 1322 provides that a debtor's plan "may modify the rights of holders of secured claims, other than a claim secured only by a security interest in ... the debtor's principal residence ...." 11 U.S.C. § 1322(b)(2). Thus, the plan offered by the appellees and confirmed by the Bankruptcy Court may not modify the debt owed appellant, unless otherwise provided in the Bankruptcy Code.

■ There are several exceptions to § 1322(b)(2)'s antimodification language that are set forth in other parts of § 1322. In the instant matter, the relevant exceptions provide for the curing of defaults. *See* 11 U.S.C. § 1322(b)(3), (5). Appellees argue that the default in this case is being cured pursuant to § 1322(b)(3).[2] Thus, according to appellees, the Bankruptcy Court could approve a plan which does not have to comply with the requirement that arrearages be cured "within a reasonable time." Appellant argues that the default is being cured pursuant to § 1322(b)(5).[3] Therefore, the arrearages must be cured "within a reasonable time." The Bankruptcy Court did not indicate under

creditors or the Chapter 13 trustee. *In re Bowles*, 48 B.R. 502, 505 (Bankr.E.D.Va.1985).

**2.** Section 1322(b)(3) provides that "the plan may ... provide for the curing or waiving of any default."

**3.** Section 1322(b)(5) provides that "the plan may ... notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due."

which subsection of § 1322(b) it was confirming appellees' plan. Thus, I must first determine this issue.

Appellees argue that the language of § 1322(b) is precatory rather than mandatory. Thus, the Bankruptcy Court "may" choose to confirm a plan which cures arrearages under § 1322(b)(3) or § 1322(b)(5). The precatory language of § 1322(b), however, "is only due to the fact that a debtor can choose whether to attempt to liquidate the entire 'modified' mortgage claim or cure arrearages." *In re Cole,* 122 B.R. 943, 949 (Bankr.E.D.Pa.1991) (citing *In re Scott,* 121 B.R. 605, 607 (Bankr.E.D.Okla.1990)).[4] The precatory language does not mean that the Bankruptcy Court may choose whether it proceeds under § 1322(b)(3) or § 1322(b)(5). It means that a debtor may choose whether it wants to cure the default at all. If the debtor chooses to cure the default, then which subsection it proceeds under is not up to the discretion of the Bankruptcy Court, rather, it is directed by a reading of the statute. Thus, I must interpret the provisions of Chapter 13 to determine the statutory basis for curing the arrearages at issue.

■ "It is a basic premise of statutory interpretation that, whenever reasonably possible, the court must give effect to every word of a statute." *In re Linkous,* 141 B.R. 890, 895 (W.D.Va.1992) (quoting *United States v. James,* 834 F.2d 92, 93 (4th Cir. 1987)). By its very terms, § 1322(b)(5)'s limitations apply to the default of any secured claim "on which the last payment is due after the date on which the final payment under the plan is due." On its face, § 1322(b)(3) does not limit the claims to which its cure provision applies. If, however, § 1322(b)(3) applied to long-term mortgages on the debtor's principal residence, then § 1322(b)(5) would be effectively written out of the Bankruptcy Code. If the two provisions overlapped, debtors would obviously choose the cure option which did not impose the three or

five year time restraint. *See In re Cole,* 122 B.R. 943, 949 (Bankr.E.D.Pa.1991). In order to give effect to the limitations in § 1322(b)(5), § 1322(b)(3) cannot apply to such long-term mortgages. Thus, § 1322(b)(3) applies to short-term debt where the last payment under the original obligation is due before the last payment under the Chapter 13 plan. *See Grubbs v. Houston First American Sav. Ass'n,* 730 F.2d 236, 246–47 (5th Cir.1984); *In re Session,* 128 B.R. 147, 151–52 (Bankr.E.D.Tex. 1991).

Section 1322(b)(3) allows for curing default on short-term mortgages, while § 1322(b)(5) allows for curing long-term mortgages on which the final payment is due after the due date of the final payment under the Chapter 13 plan. The mortgage at issue in the instant case extends well beyond the final payment under the Chapter 13 plan. Therefore, the Bankruptcy Court could only be curing the default in the instant case pursuant to § 1322(b)(5).

"Once a debtor has chosen to cure arrearages in a chapter 13 plan, 1322(b)(5) requires it to be done in a certain way, i.e., by curing all defaults while maintaining current payments." *In re Cole,* 122 B.R. at 949. Appellees have attempted to cure the default, and pay the arrearages to appellant. Thus, pursuant to the provisions of § 1322(b)(5), the arrearages must be cured "within a reasonable time."

■ "Reasonable time" is not defined by the Bankruptcy Code, however, "[s]ection 1322(d) controls this issue, which provides that payments may be extended for as long as five years under a proposed plan." *In re Lobue,* 189 B.R. 216, 219 (Bankr.S.D.Fla. 1995) (applying § 1322(d) in approving a 53 month plan for paying arrearages). No plan, however, may propose payments over a period of more than five years under any circumstances.[5] "To the extent that these pay-

---

**4.** The cure provisions of Chapter 13 permit a debtor to pay the arrearages and cure the effects of the default. Thus, by curing the effects of the default, the debtor may restore the terms of the original mortgage and retain possession of their primary residence. The precatory language appellees discuss permits the debtor to choose

whether or not to cure the default and restore the original mortgage.

**5.** Section 1322(d) provides that "[t]he plan may not provide for payments over a period that is longer than three years, unless the court, for cause, approves a longer period, but the court

ments represent a curing of arrearages under section 1322(b)(5), the payments may not extend beyond a reasonable time, which as previously indicated cannot exceed the statutory limitation of 60 months in a reorganization plan. Payments under a plan that cures any default must be completed within the life of the plan, which is not to exceed five years." *Sapos v. Provident Inst. of Sav.*, 967 F.2d 918, 928 (3rd Cir.1992).[6]

The Order Confirming Plan states that of the total arrearages of $6,891.61, $3,000.00 is to be cured during the 60 month life of the amended plan. The remainder of the arrearages is to be paid "upon completion of their plan." The amended plan does not make provisions for the payment of the remaining arrearages.[7] The plan, thus, does not cure the arrearages within the five year life of the plan. Accordingly, the plan does not cure the arrearages "within a reasonable time," as is required by § 1322(b)(5).

## CONCLUSION

For the foregoing reasons, the decision of the United States Bankruptcy Court confirming appellees' Chapter 13 plan is REVERSED. The case is REMANDED to the Bankruptcy Court for proceedings consistent with this opinion.

An appropriate order shall issue.

---

may not approve a period that is longer than five years."

**6.** Other cases have reached similar conclusions: see *In re Sidelinger*, 175 B.R. 115, 119 (Bankr. D.Me.1994) ("The time for cure extends forward from the bankruptcy filing ... But it most certainly may not extend beyond the plan's term."); *In re Richards*, 151 B.R. 8, 18 (Bankr.D.Mass. 1993) ("Accordingly, prepetition mortgage arrearages must be paid in full and cured by payment within a reasonable time, namely within a maximum plan term of 60 months."); *In re Harmon*, 72 B.R. 458, 462 (Bankr.E.D.Pa.1987) (The

"curing of any default within a reasonable time is subject to the maximum plan repayment periods of three or five years as set forth in the Code, and the reasonable time for curing a default may not exceed five years under any circumstances.") (internal quotations omitted).

**7.** If the amended plan called for the remainder of the arrearages to be cured in a lump sum at the conclusion of the five year period, then the arrearages would be cured within the life of the amended plan. *See In re Endicott*, 157 B.R. 255, 262–63 (W.D.Va.1993).