**In re Phillip CAMPBELL, and Jean Campbell, Debtors.**

**Internal Revenue Service, Appellant,**

**v.**

**Phillip Campbell, and Jean Campbell, Appellees.**

**Nos. 697–00269–WA1–13, Civ.A. 6:99CV0032.**

United States District Court, W.D. Virginia, Lynchburg Division.

Aug. 17, 1999.

Angelo Frattarelli, U.S. Dept. of Justice, Washington, DC, for I.R.S.

David Joseph Damico, Damico & Apgar, Roanoke, VA, for Jean & Phillip Campbell.

*ORDER*

MOON, District Judge.

This case is before the Court on the appellant's appeal of the U.S. Bankruptcy Court's confirmation of the appellees' Chapter 13 plan. Having found that a portion of the appellant's claim is nondischargeable, the Court vacates the Bankruptcy Court's Order confirming the appellees' Chapter 13 plan.

## I. FACTS

The appellees ("debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code (11 U.S.C. § 1301, *et seq.*) on January 29, 1997. The appellant ("IRS" or "government") filed an amended proof of claim for $28,575.25 of which $28,574.55 is claimed as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8). $28,298.83 of the priority claim consists of alleged employment taxes assessed against debtors pursuant to 26 U.S.C. § 6672. The IRS claims the debtors are the responsible officers of P & J Company, Inc., for the taxable quarters ended on September 30, 1995 through June 30, 1996, and are thus liable for the amount for which they are required to collect.

The debtors filed their initial Chapter 13 plan on February 14, 1997 and an amended plan on June 9, 1997. The plan proposed to pay $17,145.14 to the IRS which constituted 60% of the original debt. The IRS filed an amended proof of claim to which the debtors filed an objection. The IRS then filed a response in opposition to the debtors' objection on February 22, 1999. A confirmation hearing was held on March 11, 1999. The government failed to appear at the hearing. The Bankruptcy Court entered an order denying the IRS's objection to the Chapter 13 plan and confirming the plan. It is this order that is now before the Court.

## II. DISCUSSION

Section 1141 of Title 11 ("the Bankruptcy Code") provides that "[e]xcept as

provided in subsections (d)(2) ... the provisions of a confirmed plan bind the debtor ... and any creditor...." 11 U.S.C. § 1141(a). Subsection (d)(2) states "[t]he confirmation of a plan does not discharge an individual debtor from any debt excepted from discharge under section 523 of this title." *Id.* at (d)(2). Section 523(a) provides that "[a] discharge ... does not discharge an individual debtor from any debt—(1) for a tax or a customs duty—(A) of the kind and for the periods specified in section ... 507(a)(8)." *Id.* at § 523(a)(1)(A). Section 507 governs priorities of expenses and claims. Section 507(a)(8)(C) provides that the eighth priority are "allowed unsecured claims of governmental units, only to the extent that such claims are for—(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

In response, the debtors' claim that the $28,298.83 is a tax penalty and is dischargeable pursuant to § 523(a)(7) of the Bankruptcy Code. That section provides that "[a] discharge ... does not discharge an individual debtor from any debt—(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—(A) relating to a tax of a kind not specified in paragraph (1) of this subsection...."

Thus, the issue turns on whether the IRS's claim is a penalty or a tax. If it is a penalty under § 523(a)(7), the debt is dischargeable and the Chapter 13 plan would be binding on the government. If it is a tax, the debt is nondischargeable pursuant to § 523(a)(1)(A) and § 507(a)(8).

▮ The government cites 26 U.S.C. § 6672 as the tax provision which placed the duty on the debtors to have collected taxes in their role as officers of P & J Company, Inc. Section 6672 provides, in pertinent part, as follows:

(a) GENERAL RULE.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... liable to a *penalty* equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

*Id.* (emphasis added). However, despite its terminology, the Supreme Court has held that assessments under § 6672 are a "tax." *United States v. Sotelo,* 436 U.S. 268, 274, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). Therefore, the Court finds that the IRS is entitled to $28,298.83 as a priority tax claim pursuant to § 523(a)(1)(A) and § 507(a)(8). *See Matter of Taylor,* 132 F.3d 256, 261 (5th Cir.1998).

▮ The debtors' also assert that the government's failure to appear at the confirmation hearing constitutes a waiver of the government's written objection. Section 1322(a)(2) provides that "[t]he plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim; ...." This Court has previously held that a creditor's failure to attend a confirmation hearing does not constitute a waiver. Rather, "[t]he Bankruptcy Court is under an independent duty to verify that a Chapter 13 plan does in fact comply with the law, irrespective of the lack of an objection by creditors or the Chapter 13 trustee." *United States v. Easley,* 216 B.R. 543, 545 n. 1 (W.D.Va.1997) (citing *In re Bowles,* 48 B.R. 502, 505 (Bankr.E.D.Va. 1985)). The same holds true in this case.

Having found that the IRS is entitled to $28,298.83 as a priority tax claim, the Court hereby vacates the Bankruptcy Court's March 17, 1999 Order sustaining the debtors' objection to IRS claim and confirming their Chapter 13 plan. It is so ORDERED. The Clerk is requested to send certified copies of this Order to all

counsel of record and strike the case from the docket.