In re Randell PADGETT, Debtor.

No. 01–11462–9P3.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 26, 2001.

Debtor: Padgett, Randell F., Arcadia.

Phillip J. Jones, Port Charlotte, FL, for Debtor.

G. Craig Soria, Sarasota, FL, for Sorrells.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

## ORDER ON MOTION OF SORRELLS GROVES, INC. FOR RELIEF FROM AUTOMATIC STAY (DOC. NO. 5)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 13 case is a Motion by Sorrells Groves, Inc., (Sorrells) who seeks relief from the automatic stay. The Motion is not based on the usual grounds for relief, which is lack of adequate protection. Rather, in its Motion, Sorrells contends that the Plan proposed by the Debtor is impermissible because it would modify the rights of Sorrells. Sorrells holds a valid, properly recorded mortgage encumbering the principal residence of the Debtor, which mortgage was foreclosed by the entry of a Final Summary Judgment (Final Judgment) on May 10, 2001, by the Circuit Court of DeSoto County, Florida. The Final Judgment ordered the property to be sold at a foreclosure sale on June 20, 2001.

It is without dispute, that the Debtor has not furnished any adequate protection to Sorrell since June 19, 2001, the date he filed his Petition for Relief under Chapter 13.

In support of its Motion, Sorrells contends that the Debtor's Plan which proposes to pay the money owed represented by the Final Judgment entered by the Circuit Court in installments is contrary to the provisions of 11 U.S.C. § 1322(b)(2), which prohibits the modification of the rights of holders of secured claims secured only by a lien on the principal residence of the Debtor.

It is the Debtor's contention that, notwithstanding the anti-modification provisions set forth in Section 1322(b)(2), Section 1322(c)(2) permits the curing of a default on a mortgage encumbering the principal residence of the Debtor if the last payment on the original payment schedule is due before the date on which the final payment under the Plan is due.

In support of this proposition, the Debtor cites the cases of: *In re Eubanks*, 219 B.R. 468 (6th Cir. BAP 1998); *In re Perry*, 235 B.R. 603 (S.D.Tex.1999); and *In re Lobue*, 189 B.R. 216 (Bankr.S.D.Fla.1995).

Whether or not a Chapter 13 Debtor is permitted to deal with a mortgage encumbering his principal residence, which mortgage became fully matured and due prior to the commencement of the case, has been considered by several Bankruptcy Courts, albeit some of them in a different context.

In the case of *In re Eubanks, supra,* the Sixth Circuit BAP decided that when the last payment on the original payment schedule comes due before the final payment under the Plan, the narrow exception to the Bankruptcy Code's anti-modification provisions concerning mortgages on a principal residence of a debtor is permissible.

The same was considered by the Southern District of Florida by Chief Judge Cristol in the case of *In re Lobue, supra.* In *Lobue,* the Court held that the Chapter 13 plan of the debtor under which the debtor proposed to pay the entire balance due on the principal residence mortgage in

installments over a 53–month period in a 60–month plan was not an impermissible modification of the mortgage, notwithstanding that the balloon payment on the mortgage matured prepetition.

Both in *Lobue* and *Eubanks*, the courts agreed that in spite of the introductory term "notwithstanding" found in Section 1322(c)(2) there is clear indication that the provisions of this subclause override conflicting provisions of any other section, including the prohibition against modification by a debtor in a Chapter 13 case of a mortgage secured only by his or her principal residence.

This Court is in agreement with *Eubanks* and *Lobue* and is satisfied that the Motion of Sorrells should be denied provided, however, that pending confirmation, the Debtor do the following: (1) furnish adequate protection to pay the interest on the final judgment accruing monthly; (2) provide proof of complete insurance on the property; (3) pay all real estate taxes; and (4) allow the creditor the right of reasonable inspection of the property, with proper advanced notice.

This order should not be construed to be an approval or a determination that the Plan proposed by the Debtor is feasible. Neither is it a determination that the Debtor's Chapter 13 Plan otherwise meets the requirements of confirmation set forth in Section 1325 of the Code, especially Section 1325(a)(5).

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion of Sorrells Groves, Inc., for Relief from the Automatic Stay be, and the same is hereby, denied, without prejudice. It is further

ORDERED, ADJUDGED AND DE-CREED that, pending confirmation of the Debtor's Chapter 13 Plan, the Debtor shall do the following: (1) furnish adequate protection to pay the interest on the final judgment accruing monthly; (2) provide proof of complete insurance on the property; (3) pay all real estate taxes; and (4) allow the creditor the right of reasonable inspection of the property, with proper advanced notice. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event of a default of the adequate protection provisions of this Order, Sorrells is entitled to file an affidavit of default and give 48 hour notice for response to counsel for the Debtor. If no response or request for hearing is filed by the Debtor, the stay shall be lifted without any further notice or hearing.