**In re Janice KELLY, Debtor.**

02–06138–9P3.

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Sept. 10, 2002.

William G. Whitcomb, Ft. Myers, FL, for debtor.

Philip L. Burnett, Ft. Myers, FL, for movant.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### ORDER DENYING VERIFIED MOTION FOR RELIEF FROM STAY

(Doc. No. 8)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 13 case is a Verified Motion for Relief from Stay, filed by Russell D. and Arthetta A. Brown (Movants), on July 22, 2002. In their Motion, the Movants seek relief from the automatic stay in order to complete a pending foreclosure action on the mortgage of the principal residence of Janice Kelly (Debtor).

The Motion is based on the contention, which is basically without dispute, that the Movants are the holders of a promissory note and mortgage properly recorded in the public records encumbering the principal residence of the Debtor, more particularly described in the mortgage deed. The Movants contend that the Debtor defaulted under the note and the mortgage obligation by failing to pay the *ad valorem* taxes when they became due. A Tax Certificate was issued in the amount of $1,000.61, and the Debtor has failed to pay storm water assessments, which became due on November 28, 2000. The Movants further contend that based on these defaults, they exercised their option to accelerate the maturity of the entire principal balance with accrued interest. Finally, the mortgage, upon its own terms, ballooned on July 1, 2002. Although it is not well articulated, it became apparent at the hearing that the Movants rely on Section 1322(b)(2) of the Code, which prohibits the modification of the rights of holders of secured claims secured only by a security interest in real property which is the Debtor's principal residence.

In opposition to the Motion, counsel for the Debtor contends that notwithstanding of the fact that the mortgage admittedly ballooned prior to the commencement of the case, the Debtor still is permitted to deal with this mortgage in her Chapter 13 Plan.

The proposition urged by the Movants was correct prior to the year 1994. It was clear that a debtor could not alter or modify the rights of a holder of a mortgage note, which encumbered solely the principal residence of a debtor. However, in 1994, Congress amended Section 1322 of the Code and now provides that notwithstanding the prohibition set forth in Section 1322(b)(2) of the Code, a debtor is permitted to decelerate a fully ballooned mortgage and deal with it in his or her Chapter 13 Plan by virtue of the amend-

ment. This Section now provides as follows:

(c) Notwithstanding subsection (b)(2) and applicable nonbankruptcy law—

. . .

(2) in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title.

11 U.S.C. § 1322(c)(2). This amendment leaves no doubt that a debtor in a Chapter 13 may deal with a fully matured mortgage provided the mortgage is fully paid off and satisfied before the last payment on the mortgage under the confirmed Chapter 13 Plan is due.

The issue, which governs this controversy, has been litigated and considered by several courts. In the case of *In re Eubanks*, 219 B.R. 468 (6th Cir. BAP 1998), the Sixth Circuit B.A.P. held that when the last payment on the original payment schedule became due before the final payment under the Plan is within the narrow exception to the Code's anti-modification provision concerning mortgages encumbering the principal residence of a debtor, and it is permissible. Also, in the case of *In re Lobue*, 189 B.R. 216 (Bankr.M.D.Fla.1995), the debtor proposed to pay the entire balance due on the principal residence of a mortgage in installments over a fifty-three month period of a sixty-month Plan. The bankruptcy court held that that was not an impermissible modification of the mortgage, notwithstanding that the balloon payment matured pre-petition. *See also In re Perry*, 235 B.R. 603 (S.D.Tex.1999).

This Court had also had the opportunity to consider the same issue in the case of *In re Padgett*, 273 B.R. 277 (Bankr.M.D.Fla.

2001). In that case, this Court agreed that the construction of the amendment by *Eubanks* was correct. Therefore, this Court is satisfied that the Motion under consideration is not supported by existing law and should be denied. This ruling, however, shall not be construed to be an indication of whether or not the Plan as submitted by the Debtor is feasible or whether or not it complies with all requirements for confirmation as set forth in Section 1325 of the Code.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Verified Motion for Relief from Stay, be and the same is hereby, denied without prejudice.