**In re Ronald Wesley OLSON, Debtor.**

**Ford Motor Credit Company, Objecting Creditor,**

v.

**Ronald Wesley Olson, Debtor and Barnee C. Baxter, Chapter 13 Trustee, Respondents.**

No. 02–14328.

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Sept. 17, 2003.

Lee Ringler, Augusta, GA, for Debtor.

## ORDER

JOHN S. DALIS, Chief Judge.

Creditor, Ford Motor Credit Company ("FMCC"), objects to the confirmation of Ronald Olson's ("Debtor") Chapter 13 plan on the grounds that the proposed rate of interest does not adequately protect FMCC's interest in a 2001 Ford Expedition. Because the Debtor failed to prove that his proposed interest rate adequately protected in interests of FMCC, the objection is sustained.

The Court has jurisdiction to determine this motion under 28 U.S.C. §§ 157(a), (b)(2)(B) and (b)(2)(K).

The facts are as follows. The Debtor purchased a 2001 Ford Expedition on August 16, 2001. The purchase price of the vehicle was $31,145.00. The financing contract provided for 0.00% interest and monthly payments of $547.35 for fifty-nine (59) months. FMCC provided the financing on this contract.

On December 10, 2002, the Debtor filed a Chapter 13 bankruptcy petition. In his petition, Debtor proposed to pay FMCC $19,000.00 at the contract rate of interest of 0.00%. FMCC objected to the plan as to the valuation of the vehicle as well as to the interest rate proposed. At the confirmation hearing the parties agreed that the value of the vehicle is $20,000.00, and that FMCC has a secured claim in the amount of $20,000.00 and an unsecured claim in the amount of $6,820.30.

The only issue remaining is the rate of interest the Debtor must pay

FMCC on its allowed secured claim so that the requirements of 11 U.S.C. § 1325(a)(5)(B)(i) and (ii) are met.[1] Under this "cram down" provision, the debtor keeps the collateral over the objection of the creditor if the creditor retains its lien on the collateral, and the debtor is required to make payments over the life of the plan that will total the present value of the secured claim. 11 U.S.C. § 1325(a)(5)(B)(i) and (ii). "This present value provision compensates the secured claim holder for the delay in receiving full payment on its allowed claim during the plan period by payment of interest on the allowed claim." *Baxter v. Allen (In re Allen)*, Ch. 13 Case No. 93–11588, 1994 WL 16005473 (Bankr.S.D. Ga. Augusta Division, June 23, 1994)(J. Dalis) (*"In re Allen"*).

■ In determining the proper interest rate a debtor must pay on a secured claim, the present value provision of 11 U.S.C. § 1325(a)(5)(B)(ii) controls. "[T]he purpose of the present value requirement is to place the holder of an allowed secured claim in the same position economically as if the debtor exercised the option of surrendering the collateral." *In re Corley*, 83 B.R. 848, 852 (Bankr.S.D.Ga.1988) (*"In re Corley"*). The appropriate interest rate is the interest rate *the creditor* would receive if (1) the debtor surrendered the collateral on the date of the bankruptcy case filing, (2) the creditor converted the collateral to cash, and (3) the creditor then lent that cash to a borrower who was similarly situated to the debtor and seeking a similar type of financing. *Id.; see also, In re*

*Milham*, 141 F.3d 420 (2nd Cir.1998); *Confederation Life Ins. Co. v. Beau Rivage Ltd.*, 126 B.R. 632 (N.D.Ga.1991); *In re Allen; In re Foertsch*, 167 B.R. 555 (Bankr.D.N.D.1994); *Barnett Bank of Atlanta v. Washington (In re Washington)*, Ch. 13 Case No. 89–11840, 1990 WL 10007469 (Bankr.S.D. Ga. Augusta Division, April 4, 1990)(J. Dalis); *Federal Land Bank of Columbia v. McArthur (In re McArthur)*, Ch. 11 Case No. 388–00002, 1988 WL 1019701 (Bankr.S.D. Ga. Dublin Division, September 13, 1988)(J. Dalis) (*"In re McArthur"*).

■ In this analysis, the value of the collateral is determined as of the date of filing. *Johnson v. General Motors Acceptance Corp. (In re Johnson)*, 165 B.R. 524, 528 (S.D.Ga.1994). The term of this hypothetical loan is the time required under the plan to pay the allowed secured claim. The final step of the analysis involves a hypothetical borrower. Despite the Creditor's contention, the borrower in this analysis is not a Chapter 13 debtor. As I stated in *In re Corley*, the appropriate interest rate is one charged "to individuals in the same general economic class of the debtor, which class can be presumed without evidence to the contrary to be the general creditworthy population." *In re Corley*, 83 B.R. at 853; *see also, In re McArthur*.

The *In re Corley* case presented a very similar issue to the one at hand. In *In re Corley*, I determined the appropriate rate of interest a Chapter 13 debtor must pay a secured creditor. As in this case, the col-

---

1. 11 U.S.C. § 1325(a)(5)(B)(i) and (ii) read:
(a) Except as provided in subsection (b), the court shall confirm a plan if—
(5) with respect to each allowed secured claim provided for by the plan—
(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(B)(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such a claim is not less then the allowed amount of such claim;
. . .

lateral was a vehicle. In *In re Corley* I held "[i]n the present proceeding, the appropriate rate of interest...is the lesser of the contract rate or the prevailing market rate." *In re Corley*, 83 B.R. at 853. However, I also held that the contract rate "has direct bearing in determining value...*only* if the date of the underlying transaction is within close proximity to the effective date of the plan." *Id.* (emphasis added).

■ The Debtor relies primarily on *In re Corley* to argue that the contract rate of 0.00% interest should apply to the Debtor's payments to FMCC. However, in *In re Corley*, the vehicle was purchased close in time to the date of filing while in this case the Debtor purchased the vehicle in August 2001. This case was filed December 10, 2002. *In re Corely's* reasoning on this issue does not apply to the present case.

The Debtor further argues that the 0.00% contract interest rate should be enforced because it is the bargained for rate that FMCC accepted when the Debtor purchased the vehicle. However, FMCC also bargained to receive $547.35 a month in car payments and to be paid the debt in full. Now that the Debtor is in Chapter 13, FMCC will not receive the monthly payments in full, will not receive interest on its allowed unsecured claim and will not receive payment in full as the Debtor proposes only a pro rata distribution to holders of unsecured claims. The current, as of the date of filing, interest rate necessary for the creditor to receive the present value of the collateral controls, not the contract interest rate.

■ Title 11 of the United States Code, section 1325(a), sets forth the require-ments that must be met for confirmation of a plan of reorganization in a Chapter 13 case. The Chapter 13 debtor bears the burden of proof to show that all requirements have been met. *General Motors Acceptance Corp. v. Johnson (In re Johnson)*, 145 B.R. 108, 111 (Bankr.S.D.Ga. 1992), *rev'd on other grounds*, 165 B.R. 524 (S.D.Ga.1994); *In re Harrison*, 203 B.R. 253, 255 (Bankr.E.D.Va.1996); *Internal Revenue Service v. Stewart (In re Stewart)*, 172 B.R. 14, 15–16 (W.D.Va.1994); *Tillman v. Lombard*, 156 B.R. 156, 158 (E.D.Va.1993). The Debtor presented no evidence at the confirmation hearing to establish the appropriate interest rate. The interest rate in the contract of August 2001 has no bearing on the appropriate interest rate to be paid on the allowed secured claim of FMCC in order to meet the requirements of 11 U.S.C. § 1325(a)(5)(B)(i) and (ii). The Debtor has not met his burden of proof, and therefore FMCC's objection is sustained.

■ Because no evidence has been presented establishing the appropriate interest rate to be paid on the allowed secured claim, the default rate as defined under the Southern District of Georgia Local Rules for Bankruptcy Practice Local Bankruptcy Rule 3001–2, of 12.00% applies.

Accordingly it is hereby ORDERED that the objection to plan is SUSTAINED. Interest at the rate of 12% is payable on the allowed secured claim of FMCC.